IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| NEAL HOWARD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL NO. 5:14-CV-338-MTT-MSH |
| VS. | : | |
| | : | |
| FRED HEAD, *et al.*, | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants. | : | |

_____

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Neal Howard, presently confined at the Dooly State Prison in Morgan, Georgia, filed a lawsuit pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis.* (ECF Nos. 1, 2.) Because it appears that Plaintiff is unable to prepay the full filing fee, his motion to proceed *in forma pauperis* is **GRANTED.** A review of Plaintiff's Account Certification form reveals that he has had an average monthly balance of $33.75 in his trust account for the last twelve months. In accordance with section 1915(b)(1)(A), Plaintiff is hereby **ORDERED** to pay an initial partial filing fee of **$6.75** (20% of his average monthly balance) to the Clerk of this Court.

Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to pay the above initial partial filing fee. Plaintiff will also be required to pay the remaining $343.25 of the filing fee under the payment plan set forth 28 U.S.C. § 1915(b)(1). The Court's filing fee is not refundable, regardless of the outcome of Plaintiff's case. If, in light of the information provided herein, Plaintiff decides that he no longer wishes to go

forward with this action, he may so notify the Court in response to this Order and thereby avoid incurring this Court's $350 filing fee for which Plaintiff will otherwise be liable even if his claims are dismissed prior to service.

## ORDER TO RECAST COMPLAINT

Plaintiff is also **DIRECTED** to refile his complaint on standard § 1983 forms. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit.  Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action.  Plaintiff must then list each defendant again in the body of his complaint and tell the Court exactly how that individual violated his constitutional rights.  Plaintiff should state his claims as simply as possible and need not attempt to include legal citations or legalese.  If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.  Likewise, if Plaintiff makes no allegations in the body of his complaint against a named defendant, that defendant will be dismissed.  **The recast complaint will supersede the original complaint filed in this case.**

Plaintiff is further directed to notify the Court of any change of address.  Plaintiff shall have twenty-one (21) days from the date of this Order to refile his complaint with the Clerk of Court. If Plaintiff fails to timely and fully comply with this Order, this action shall be dismissed.  The Clerk is **DIRECTED** to forward a copy of the § 1983 form to the Plaintiff.  If Plaintiff wishes to withdraw his complaint without paying the filing fee,

he may do so by filing a motion to voluntarily dismiss this action.  **Failure to comply with this Order shall result in the dismissal of Plaintiff's action.**

## PENDING MOTIONS

### I.     Motion for Appointment of Counsel

Plaintiff filed a motion for appointment of counsel.  (ECF No. 3.)  There is "no absolute constitutional right to the appointment of counsel."  *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).  Appointment of counsel is a privilege that is justified only by exceptional circumstances.  *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).  In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented.  *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).  Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent.  Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*.  Accordingly, Plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED**.

### II.    Motion for Preliminary Injunction

Plaintiff seeks a preliminary injunction to "prevent [] further transfers and retaliation against him on the part of the Department of Corrections and its employees." (Mot. for Prelim. Inj. 1, ECF No. 4.)  Injunctive relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant;

and (d) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted).

Plaintiff asks for injunctive relief to prevent prison transfers and retaliation. To the extent that Plaintiff requests that the Court issue an order directing prison officials and the Georgia Department of Corrections to stop retaliating against him, such injunctive relief is impermissible. *See, e.g., Elend v. Basham*, 471 F.3d 1199, 1209 (11th Cir. 2006) ("It is well-established in this circuit that an injunction demanding that a party do nothing more specific than "obey the law" is impermissible."). Furthermore, regarding his request to not be transferred, the Eleventh Circuit has held that "there is no constitutionally protected liberty interest in being housed in a certain prison or a certain section within a prison." *Sanchez v. McCay,* 349 F. App'x 479, 480 (11th Cir. 2009) (citation omitted). "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

Plaintiff has consequently failed to show a "substantial likelihood of success on the merits." *See, e.g., All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc*., 887 F.2d 1535, 1537 (11th Cir. 1989) ("A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."). Accordingly, it is **RECOMMENDED** that

Plaintiff's motion for preliminary injunction be **DENIED.** Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order. *See* 28 U.S.C. § 636(b)(1).

There shall be no service of process in this case until further order. Once Plaintiff has paid the partial fee and recast his complaint, the Court will conduct a preliminary review of his complaint as required by 28 U.S.C. § 1915A.

SO ORDERED and RECOMMENDED, this 23rd day of October, 2014.

S/ Stephen Hyles<br>UNITED STATES MAGISTRATE JUDGE