IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| NEAL HOWARD, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL NO. 5:14-CV-338-MTT-MSH |
| vs. : | 42 U.S.C. § 1983 |
| : | |
| FRED HEAD, *et al.*, : | |
| : | |
| Defendants. : | |

## REPORT & RECOMMENDATION

Plaintiff Neal Howard filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. In an Order dated October 23, 2014, the Court directed Plaintiff to recast his complaint and pay an initial partial filing fee of $6.75 within twenty-one (21) days. Order, ECF No. 7. Plaintiff filed a recast complaint on November 14, 2014.[1] Recast Compl., ECF No. 8. On December 10, 2014, Plaintiff was ordered to show cause why his lawsuit should not be dismissed for failure to pay the initial partial filing fee. Plaintiff responded, stating that he currently has a negative balance in his trust account. For that reason, Plaintiff's case will be allowed to proceed without the payment of the initial partial filing fee.

Plaintiff recast the present action on a standardized § 1983 complaint form and signed his complaint. In the "Previous Lawsuits" section of the form, Plaintiff is unambiguously required to disclose whether he filed any prior lawsuits in federal court

---

[1] In his recast complaint, Plaintiff included as Defendants sixteen different employees from five separate prisons, as well as two Georgia Superior Court Judges, two private attorneys, the GDOC, and the State of Georgia.

"while incarcerated in any institution." Recast Compl. ¶ 6, ECF No. 8. The form then instructs the prisoner to describe *each* prior lawsuit in the space provided; and "[i]f there is more than one [prior] lawsuit," the prisoner is required to "describe the additional lawsuits on another piece of paper, using the same outline." *Id.* In response to this, Plaintiff indicated in the space provided that he had <u>not</u> filed any prior cases. Absent from Plaintiff's Complaint, however, is any mention of a lawsuit filed by Plaintiff in 2010. *See Howard v. Jackson,* 1:10-cv-1121-CAP (N.D. Ga. Apr. 14, 2011).

Rule 11 of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court"; it also provides for sanctions against a party—including dismissal of a party's pleading—when papers filed with the court contain intentionally misleading or patently false information. *See Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006); *Redmon v. Lake Cnty. Sheriff's Office,* 414 F. App'x 221, 226 (11th Cir. 2011) ("district court may impose sanctions [under Rule 11(c)] if a party knowingly files a pleading that contains false contentions[.]"). In the Eleventh Circuit, it is also considered an abuse of the judicial process, warranting dismissal of the party's pleading as frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), if a plaintiff fails to disclose his complete litigation history on a complaint form that unambiguously requires that the disclosure be made. *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012).

A prisoner's failure to disclose his full litigation history, when requested to do so, is not treated as a minor omission. Litigation history is highly relevant where, as here, a prisoner seeks to proceed without prepayment of the filing fee because the court may not

grant permission to proceed *in forma pauperis* if the prisoner has three or more strikes under 28 U.S.C. § 1915(g). This information is also necessary for the court to determine, prior to service, whether a prisoner's claims are related to another pending action and whether any claims or issues in the current complaint have already been decided. *Williams v. Wiggins*, No. 6:09-cv-943, 2010 WL 4983665, at *2 (M.D. Fla. Dec. 2, 2010). Reliable disclosures are thus essential for an efficient and effective screening of the large number of *pro se* prisoner complaints received by this Court. *See* 28 U.S.C. § 1915A(a). And, as other courts within this Circuit have reasoned, if *pro se* plaintiffs suffered no substantial penalty for providing false or misleading information in the complaint, "there would be little or no disincentive" for prisoners to attempt to evade the requirement that such disclosures be made. *Id.* at 4.

Here, it is clear that Plaintiff failed to disclose any litigation history as is unmistakably required on the standard form and thereby submitted false or misleading information to the Court. His pleading can consequently be dismissed without prejudice. *See Redmon*, 414 F. App'x at 226; *see also Hood v. Tomkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (affirming dismissal without prejudice by district court as Rule 11 sanction for plaintiff's failure to disclose litigation history); *Jackson*, 491 F. App'x at 132 (finding that dismissal was warranted when plaintiff failed to disclose one case even though he disclosed another).

While Plaintiff may not have expressly intended to deceive the Court, "the fact remains that he did provide dishonest information concerning his filing history." *Brown v. Overstreet*, No. CV 107–113, 2008 WL 282689, *1 (S.D. Ga. Jan. 30, 2008) (finding

that a compliant may be dismissed even in absence of an intent to deceive the court). Although Plaintiff may have been unable to remember his prior case numbers and the dates those lawsuits were filed, he knew that he had filed at least one previous lawsuit and was required to at least disclose this fact. *See Redmon*, 414 F. App'x at 226. Thus, even if Plaintiff later claims that these omissions were due to a mistake or his misunderstanding of the form, his failure to disclose required information should not be excused; dismissal without prejudice is still a proper sanction. *See id*.

Any attempt to amend the Complaint would likewise be futile because it would not change the fact that the Plaintiff provided false information in his initial complaint. *See Taylor v. Crews*, No. 3:14-cv-205, 2014 WL 5035255, at *4 n.7 (N.D. Fla. Oct. 8, 2014). "Without consequences for dishonesty to the Court, litigants would have little incentive to ensure scrupulous adherence to truthfulness in all matters related to the Court." *Herrington v. Jordan*, 5:13-cv-65-WLS (M.D. Ga. Mar. 26, 2014). *Herrington* further noted that "[i]n circumstances such as those found in this case, a contrary ruling would invite plaintiffs to fail to include required information and, when the failure is discovered, simply assert 'I forgot,' or 'I did not understand,' thereby making the requirement of full disclosure of no effect." *Id.* at 4, n.1.

Accordingly, and because the statute of limitations will not bar Plaintiff's refiling, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED without prejudice**. *See Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) ("A dismissal without prejudice generally does not constitute abuse of discretion, even for a single violation . . ., because the affected party may simply re-file" his complaint). Plaintiff may serve and

file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.  *See* 28 U.S.C. § 636(b)(1).

SO RECOMMENDED, this 13th day of January, 2015.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE