IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

NEAL HOWARD,                          :
                                      :
                Plaintiff,            :
                                      :
VS.                                   :
                                      :     CIVIL No: 5:14-CV-0338-MTT-MSH
Warden FRED HEAD, et. al.             :
                                      :
                Defendants            :

_____

## ORDER

Plaintiff **NEAL HOWARD**, an inmate currently confined at Dooly State Prison, in

Unadilla, Georgia, filed a *pro se* civil rights complaint in this Court seeking relief under 42

U.S.C. § 1983.   As required by 28 U.S.C. § 1915A(a), the United States Magistrate

Judge conducted a preliminary review of Plaintiff's Complaint (Doc. 8) and recommended

that the Complaint be dismissed without prejudice under Rule 11 of the Federal Rules of

Civil Procedure and for abuse of process.   (Doc. 12).   Plaintiff filed a timely Objection

(Doc. 13) but does not specifically object to the findings or recommendations of the

Magistrate Judge.   After a de novo review of Plaintiff's allegations, the Court agrees that

the Complaint is due to be dismissed but finds that it is more appropriately **DISMISSED**

under 28 U.S.C. § 1915A(b) for failure to state a claim.

### I.  Background & Recommendation

The present action arises out of Plaintiff's arrest, conviction, and confinement.

Plaintiff complains that, in 2010, his arresting officers falsified evidence and obtained a

prejudicial identification.   Plaintiff was then tried and convicted in 2011 and now

contends that both the presiding judge and his defense counsel violated his rights during

that process.   The Complaint also alleges that Plaintiff has been subjected to retaliatory and arbitrary transfers while in the custody of the Georgia Department of Corrections and that prison officials have denied him access to the law library, ignored his grievances, given his mail to another inmate, and damaged his property.

Plaintiff filed his original pleading in this case on or about September 19, 2014,[1] and was thereafter ordered to recast his pleading on the standard complaint form.   The United States Magistrate Judge conducted a preliminary review of Plaintiff's recast Complaint and found that Plaintiff had misrepresented his litigation history on the form, thereby submitting false or misleading information to the Court in violation of Rule 11. The Magistrate Judge did not find any bad faith or intent to deceive, however, and it was thus recommended that the Complaint be dismissed *without prejudice* because the statute of limitations would not bar Plaintiff from refiling his claims. *See Brown v. McLaughlin*, 2014 WL 1908829, at *4 (M.D. Ga.) ("[T]he sanction of dismissal is normally premised on a finding of bad faith." (citing *Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012))).

This Court agrees that Plaintiff did in fact submit false or misleading information to the Court and that his Complaint could be properly dismissed without prejudice if the statute of limitations would not bar him from refiling.   *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011).   However, in this case, it appears that the statute of limitations may bar Plaintiff from refiling one or more of his claims.   The Court therefore finds that, in the absence of a finding of bad faith, dismissal under Rule 11 would not be appropriate, as it is in essence a dismissal with prejudice as to those claims.   *See Denison v. Spradlin*, 2015 WL 427833, at *2 (M.D. Ga.) (finding sanction of dismissal was

---

1 Plaintiff's "Notice of Filing" is dated September 19, 2014.   (Doc. 1-2).

not appropriate because "where, as here, 'a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice'" (quoting *Stephenson v. Warden*, 554 F. App'x 835, 837 (11th Cir. 2014))).

The Court nonetheless agrees that Plaintiff's Complaint should be dismissed. After conducting a review of Plaintiff's allegations under 28 U.S.C. § 1915A(a), the Court finds that his Complaint fails to state a claim upon which relief may be granted.

## II.  Preliminary Review

### A.  Standard of Review under 28 U.S.C. §1915A

When conducting a preliminary review, the district court must accept all factual allegations in the complaint as true.   *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed."   *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, however, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).   To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).   The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence necessary to prove a claim. *See id.*   "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

    B.  <u>Plaintiff's Claims</u>

    In his Complaint, Plaintiff brings claims for false arrest, retaliation, denial of due process, and denial of access to the courts in violation of his rights guaranteed by First, Fourth, Fifth, and Fourteenth Amendments.

    *1.  Claims arising from Plaintiff's Arrest and Conviction*

    Plaintiff's Complaint alleges that his civil rights were violated during his arrest in 2010 and criminal trial in 2011.   Even if true, Plaintiff's claims are time-barred.   In Georgia, § 1983 claims have a two-year statute of limitations. *See* O.C.G.A. § 9-3-33 (1982) (establishing two-year limitations period for personal injury actions); *Owens v. Okure*, 488 U.S. 235, 236 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)) (noting state statute of limitations for personal injury actions applies to § 1983 claims).   The original pleading in this case was filed in September of 2014—well outside the two-year limitations period—and Plaintiff does not allege any basis for tolling the statute of limitations.   *See Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003).

    Even if Plaintiff's claims were not time-barred, Plaintiff cannot state a claim against these defendants based on the actions alleged.   Plaintiff cannot bring a claim against the arresting officers and state court judge because his resulting conviction or sentence has not yet been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).   The state judge is also absolutely immune from monetary liability for his judicial acts.   *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).   Any claims against Plaintiff's defense

attorney, Laronda Martin, additionally fail because the attorney is not considered a "state actor" and thus is not subject to liability under § 1983 in the absence of evidence of a conspiracy with state actors.   *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir.1985). Plaintiff does not allege any such conspiracy in his complaint.[2]

### 2.  Retaliation Claims

Plaintiff also makes various allegations of retaliatory transfers.   It is, of course, well-settled that a prison official may not retaliate against an inmate for engaging in conduct protected by the First Amendment.   *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003).   In this case, however, Plaintiff only makes general attacks on the motivations of prison officials and has not made sufficient allegations to show that he was in fact transferred *because of* his protected conduct.   In the absence of allegations describing a causal connection between his protected conduct and the alleged transfers, Plaintiff cannot state a retaliation claim.   *See id.* at 1248-49*; Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011).

### 3.  Access to Courts Claims

It appears that Plaintiff has made multiple claims for denial of his right of access to the courts.   First, Plaintiff claims that prison officials have unlawfully denied him access to the courts by refusing to accept and/or review his administrative grievances.   Even if true, however, his allegations do not state a claim.   A prisoner has no constitutional right to participate in prison grievance procedures.   *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011); *Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Additionally, a prisoner's right of access to the courts is not compromised by the prison's refusal to entertain his grievance.   *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

---

2 Any claims against Plaintiff's other attorney, Jonathan Oden, fail for the same reason.

Plaintiff also alleges that he has been denied access to prison law libraries in violation of his right of access to the courts.   Prisoners, however, have no "abstract, freestanding right to a law library or legal assistance."   *Lewis v. Casey*, 518 U.S. 343, 351 (1996).   To state a § 1983 claim, a prisoner alleging a lack of access to a law library "must show actual injury by demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or ... impeded."   *Jackson v. State Bd. of Pardons and Paroles*, 331 F.3d 790, 797 (11th Cir. 2003) (internal quotation marks and citation omitted).   Plaintiff has not alleged any such injury in his Complaint.   Though Plaintiff does state that he had a pending habeas petition, he does not allege sufficient facts to show that the denial of access to the law library actually obstructed his efforts to prosecute a non-frivolous action. *See Bryant v. Ruvin*, 477 F. App'x 605, 607 (11th Cir. 2012); *see also Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1273 (11th Cir. 2010) ("[The] complaint must describe the underlying cause of action in specific enough terms to . . . satisfy the non-frivolous test and to show that the arguable nature of the underlying claim is more than hope." (internal quotation marks and citation omitted)).

Finally, Plaintiff alleges that Gwendolyn Murphy, a GDC employee who apparently works with "transfers and classifications," violated his right of access to the courts by transferring him to four different facilities in a five-month period for no "legitimate" reason. Plaintiff claims that the repeated, arbitrary transfers caused his mail and responsive fillings to be delayed and that, in his habeas case, the state court had to consolidate filings from the different counties in which he was housed.

Again, even if true, these allegations are not sufficient to establish an actual injury. Plaintiff has not alleged that his habeas petition, or even a motion filed in his habeas case,

was dismissed or denied because of the delay in his receiving mail.   Nor has Plaintiff

specified any non-frivolous constitutional claims that are now procedurally defaulted

because he was unable to respond to a motion or argument made by the respondent in

that case.   Indeed, the state court was apparently aware of Plaintiff's frequent movement

because his filings were consolidated.   Plaintiff has thus failed to sufficiently plead a

denial of access to the courts.   *See Miller v. Sheriff*, 550 F. App'x 722, 724 (11th Cir.

2013) (no actual injury where officials seized legal papers during transfer for habeas

proceeding because the taking of his papers was not the cause for the dismissal of his

habeas petition).

### 4.   Claim for Interference with Mail

Plaintiff also briefly complains that a corrections officer "gave [his] mail to another

inmate."   However, there is no suggestion that the mistaken delivery was intentional, that

it occurred on more than one occasion, or that it impacted any legal claim.   In the

absence of such allegations, Plaintiff has failed to state a First Amendment claim.   *See*

*Daniels v. Williams*, 474 U.S. 327, 335-36 (1986) (negligent act by a state official does not

give rise to § 1983 liability); *Davis v. Goord*, 320 F.3d 346, 351-52 (2d Cir. 2003)

(allegations of two incidents of mail interference did not state claim where plaintiff failed to

allege intent or actual harm).

### 5.   Due Process Claims

Finally, Plaintiff appears to bring multiple due process claims.   Plaintiff first

complains that he was unlawfully deprived of his property when it was damaged by a

corrections officer.   Even assuming arguendo that the loss of Plaintiff's property

constituted a deprivation of his protected property interest, Plaintiff cannot state a due

process claim.   The taking of a prisoner's personal property does not violate a prisoner's right to due process if the state has made available a meaningful post-deprivation remedy.   *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984).   Plaintiff had an adequate post-deprivation remedy under state law because he could pursue a tort action for conversion of his personal property.   *See* O.C.G.A. § 51–10–1; *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991).   Thus, the injury to Plaintiff's property could not constitute a due process violation.

Plaintiff next complains that prison officials violated his right to due process by both transferring him without "legitimate" reason and refusing to file or consider his grievances. These allegations also fail to state a claim.   "The Due Process Clause in and of itself [does not] protect a duly convicted prisoner against transfer from one institution to another within the state prison system."   *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Prisoners have no constitutionally-protected interest in being classified at a certain security level or housed in a certain prison.   *See Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008).   Prisoners likewise have no constitutionally-protected liberty interest in having access to a prison's grievance procedure.   *Bingham*, 654 F.3d at 1177. A prison official's refusal to file or consider his grievance thus does not deprive Plaintiff of any constitutionally-protected liberty interest.   Plaintiff has accordingly failed to state a viable due process claim.

### III.   Conclusion

The Court agrees the Plaintiff's complaint should be dismissed but for a different reason than stated in the Recommendation.   Thus, the Recommendation is **ADOPTED in part and REJECTED in part**.   The Plaintiff's Complaint is **DISMISSED** pursuant to

§ 1915A(b)(1) for failure to state a claim.

**SO ORDERED**, this 1st day of April.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT